**SHAFFY MOEEL**
California State Bar No. 238732
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, CA 92101-5008
Telephone: (619) 234-8467
shaffy_moeel@fd.org

Attorneys for Mr. Martin

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE DANA M. SABRAW)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>PETER MICHAEL MARTIN,<br><br>    Defendant. | Case No. 07CR3406-DMS<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION |

## I.

### PRELIMINARY STATEMENT

Defendant, Peter Michael Martin, respectfully submits this motion for bail pending sentencing pursuant to Fed. R. Crim. P. 46(c) and pursuant to 18 U.S.C. § 3143(a).

## II.

### BACKGROUND

On December 19, 2007, an indictment was filed charging Mr. Martin with bringing in illegal aliens without presentation and for financial gain, a violation of 8 U.S.C. § 1324(a)92)(B)(ii) and (iii). Mr. Martin was arrested on December 9, 2007 and was immediately taken into custody.

On December 10, 2007 a bond hearing was conducted before the Honorable Barbara L. Major. In support of the bond request, Mr. Martin's counsel noted Mr. Martin's background and characteristics. He is a 21 year old United States citizen. Mr. Martin has lived his entire life in San Diego, save for a year he

studied at the Long Beach State University in Long Beach, California.  Mr. Martin was raised by his parents in Encinitas, California, the place of the Martins' permanent home. Mr. Martin's parents continue to reside in the home of his childhood along with his two younger brothers.   Following this hearing, the magistrate court set a bond in the amount of $20,000.00.

The government extended Mr. Martin a fast-track offer to plead guilty.  Mr. Martin expressed his willingness to immediately take responsibility for having committed this offense and plead guilty to the fast-track offer.  However, the fast-track offer was revoked by the government once Mr. Martin's co-defendant refused to plead.  On February 13, 2008, Mr. Martin signed and sent to the government a plea agreement, pleading guilty to count 8 of the indictment, a violation of 8 U.S.C. § 1324(a)(2)(B)(iii) and 18 U.S.C. § 2, bringing in illegal aliens without presentation and aiding and abetting.  On March 11, 2008, Mr. Martin pled guilty to count 8 of the indictment before this Court.

Upon the completion of the plea colloquy, the Pre-Trial Services Officer, David Horton, asked this Court to issue a minute order allowing Pre-Trial Services to physically transport Mr. Martin from jail to the CRASH program, upon his release on bail pending sentencing.  The government expressed its concern regarding Mr. Martin's release pending bail and this Court ordered the defense to file briefing on the standard of release on bail pending sentencing.

This motion follows.

### III.

### ARGUMENT

**A.    Introduction**

Mr. Martin is entitled to bail under section 3143 (bail pending sentencing) if he can show by clear and convincing evidence that he is not likely to flee or pose a danger to the community. See 18 U.S.C. § 3143(a).

**B.    Section 3143 Requires That Mr. Martin Be Released On Bond.**

1.    Mr. Martin Is Neither a Flight Risk Nor A Danger.

Mr. Martin is twenty one years old.  He was raised in a tight-knit family by his parents, Catherine and Gary Martin.  Both of his parents have signed on as sureties in his case.  Mr. Martin's father, Gary, owns a successful property management company, The TMC Management Corporation.  Mr. Martin also sits on

the board of directors of Farmers, an insurance company. The Martins raised Mr. Martin and his two younger brothers, in Encinitas, where Mr. Martin attended school. After graduating from high school, Mr. Martin was admitted to and began his studies at Long Beach State University. Mr. Martin has every intention of finishing his studies, once he addresses the consequences of this offense.

Once released on bail, Mr. Martin will be transported directly by Pre-Trial Services to the CRASH program, a residential drug and alcohol treatment program, based in San Diego. The CRASH program will assist Mr. Martin in addressing his substance abuse problems. The program is closely monitored by Pre-Trial Services. During the first 30 days of Mr. Martin's stay at the program, he will not be allowed to leave the facility or speak to anyone outside of the program (other than his attorney and the Pre-Trial Services officer), including his family. The CRASH program's short-term program is three months long.

Mr. Martin needs to begin the 12-step alcohol and substance abuse treatment program as soon as possible. Once released on bail, Mr. Martin will enter a secure residential facility and will be closely monitored by the Court, through Pre-Trial Services. Pre-Trial Services (PTS) submitted a bail report to Magistrate Judge Major at the time of Mr. Martin's arraignment. At that time PTS represented to the Court that a bail was appropriate in Mr. Martin's case. Mr. Martin has always been willing to accept responsibility for his actions in this offense and plead guilty. He was not able to take advantage of the fast-track program because of his co-defendant's unwillingness to plead guilty. He has already served four months in custody. He recognizes that he may have more time yet to serve depending on this Court's decision on the day of his sentencing. However, both Mr. Martin and his parents believe that addressing his alcohol abuse as soon as possible will immensely behoove him in the long term. He has accepted responsibility and will continue to pay the consequences of his actions. But Mr. Martin is a young man who needs this Court's help and guidance. He is not and never has been a flight risk nor a danger to the community. Mr. Martin asks that this Court make this finding and order his release on bail pending sentencing.

### C.   Mr. Martin Should Be Granted Bail Pending Appeal

If the defendant has met his burden of proving each of section 3143's factors, then "the judicial officer **shall** order the release of the person in accordance with section 3142(b) or (c)." 18 U.S.C. § 3143(a)(1) (emphasis added). To hold that a defendant could be denied bail even though he has met these conditions would be arbitrary and capricious and would deprive the defendant of his constitutional rights to

1  due process guaranteed by the Fifth and Eighth Amendments.

2  **D.**     **It Is Not Uncommon For Persons In This District To Be Released Pending Sentencing**

3  Mr. Martin brings to this Court's attention other cases in this district wherein this Court and others have ordered defendants released on bail pending sentencing after having tendered guilty pleas. In United States v. Perry, 07cr2330-DMS, the defendant, a repeat offender with violent prior convictions, pled guilty on September 11, 2007 and posted a personal appearance bond on November 2, 2007. In United States v. Bliss, 08cr524-LAB, the defendant pled guilty on March 11, 2008 and posted a personal appearance bond in the amount of $35,000 on March 27, 2008. In United States v. Ruiz, 06cr2619, the defendant pled guilty on January 25, 2007 and posted a personal appearance bond in the amount of $25,000 three months later on April 6, 2007. In United States v. Baca, 07cr1606, the defendant pled guilty on September 18, 2007 and posted a personal appearance bond in the amount of $25,000 on November 21, 2007.

## IV.

## CONCLUSION

Because Mr. Martin has satisfied the section 3143 test, he respectfully requests that the Court grant his motion for bail pending appeal.

Respectfully submitted,

Dated: April 2, 2008

/s/ *Shaffy Moeel*
**SHAFFY MOEEL**
FEDERAL DEFENDERS OF SAN DIEGO INC.
Attorney for Mr. Martin